
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENELL C. KELLY, | No. 14-35332 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05328-JLR |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, Senior District Judge, Presiding

Argued and Submitted September 1, 2016
Seattle, Washington

Before: SCHROEDER, McKEOWN, and DAVIS,[**] Circuit Judges.

Denell Kelly appeals the district court's decision affirming the

Commissioner of Social Security's denial of Kelly's application for disability

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We review the district court's order upholding the denial of benefits de novo. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

The record shows that Kelly suffered from a number of mental and physical limitations but that the Administrative Law Judge ("ALJ") found Kelly capable of performing jobs requiring light work. The ALJ also found that Kelly had not been entirely truthful in describing the severity of her impairments and that the extent of her complaints was inconsistent with the scope of her activities.

The government has appropriately conceded that the ALJ erred in not discussing the opinions of Drs. Lang and Mayers. The issue is whether those errors require reversal. We conclude that the ALJ's decision is nevertheless supported by substantial evidence and affirm. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ did discuss the opinions of Drs. Wheeler and Zaragoza, who concluded that Kelly had more substantial limitations than those incorporated in Kelly's residual functional capacity determination and gave specific, legitimate reasons for discounting them. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). The ALJ also reasonably evaluated the observations of Nurse Wagonblast, who administered the GAF test. Although Dr. Mayers

2

described Kelly as being "severely limited," Dr. Mayers did not opine that Kelly was unable to work or provide any further specific limitations.

Accordingly, to the extent that any of the doctors discussed functional limitations beyond the ALJ's findings, the ALJ gave specific and legitimate reasons for discounting them. To the extent that the ALJ erred by failing to discuss Dr. Lang, or assign weight to Dr. Mayers or Dr. Deem, we hold those errors to be harmless in that they were not likely to have affected the ALJ's decision that Kelly was not disabled. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

**AFFIRMED**.